FILED
SUPERIOR COURT
OF GUAM

2019 FEB 28 AM 9: 17

CLERK OF COURT
BY:

IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| IN THE MATTER OF | Special Proceedings Case No.: SP0086-17 |
| DEPARTMENT OF REVENUE AND TAXATION, | DECISION AND ORDER |
| PETITIONER, | |
| CIVIL SERVICE COMMISSION, | |
| RESPONDENT, | |
| AND | |
| LINDA PALACIOS, | |
| REAL PARTY IN INTEREST. | |

## INTRODUCTION

This matter is before the Honorable Anita A. Sukola on the Department of Revenue and Taxation's ("DRT") Petition for Judicial Review. Assistant Attorney General Shannon J. Taitano represents the Petitioner. Attorney Daniel Somerfleck represents the Real Party in Interest, Linda Palacios ("Palacios"). A hearing was held on November 13, 2018 and the Court thereafter took this matter under advisement. Upon review of the written and oral arguments, and legal authorities presented by the Parties, the Court upholds the Civil Service Commission's decision to void the DRT's adverse action taken against Palacios.

## BACKGROUND

On September 8, 2015, DRT supervisor Jesse Salas received a phone call from Jerome Aguon of the DRT Criminal Investigation Branch informing her of potential improprieties regarding the processing and issuing of a Guam Driver's License to Justin Cruz. CSC Decision and Judgment at 2 (May 25, 2017). Upon investigation, DRT management learned that Palacios's user-ID was the last transaction entered in the Guam Driver's License System on July 14, 2015, the date of the alleged violation. Id. On Friday, October 9, 2015, Palacios met with Jesse Salas and DRT Administrator Marie Flores. Id. During this meeting, Palacios claimed that she did not remember Justin Cruz, even when being shown a picture of him. Id. Palacios did, however, admit that during her employment with DRT she had, at unspecified times, processed out-of-state applicants without securing their out-of-state driver's licenses to the applications. Id. at 2-3.

On or about October 23, 2015, the DRT issued a Notice of Proposed Adverse Action against Palacios, effectively terminating her employment. Petition at 2 (Jun. 22, 2017). The DRT cited two components to the termination: 1) On July 14, 2015, Palacios improperly issued a license to Justin Cruz, and 2) Palacios had, on occasion, permitted out-of-state applicants to retain their licenses while they waited to receive their Guam licenses. CSC Decision and Judgment at 4.

On November 9, 2015, Palacios appealed her termination to the Civil Service Commission ("CSC"). Petition at 2. A Hearing on the Merits occurred on March 14, 16, 21, 23, and April 4, 2017. Id. On May 25, 2017, the CSC issued a written Decision and Judgment in which it revoked the adverse action and ordered reinstatement of Palacios on the grounds that the adverse action did not comply with the "60 day rule" of 4 G.C.A. § 4406. CSC Decision and Judgment at 4-5. Section 4406 requires that a classified employee be given notice and statement of charges within sixty days after management knew or should have known the facts or events which form the alleged basis for such action. At the Hearing on the Merits, the CSC refused to allow Guam Police Department Officer Leonard Aguon ("Officer Aguon"), a witness for the DRT, to testify. Id. at 4 The CSC ruled that Officer Aguon's testimony was not relevant to the adverse action because "he had no contact with the Employee until after the Notice of Proposed Adverse Action had been issued, and

his first contact with the Employee was on the day the Final Notice of Adverse Action was issued." Id.

On June 22, 2017, the DRT filed a Verified Petition for Judicial Review, appealing the CSC's decision to the Superior Court of Guam on the grounds that the decision was not supported by substantial evidence and that the CSC overstepped its legal authority when determining the DRT should have an oversight mechanism in place for the process of approving state-issued IDs. Petition at 3.

## DISCUSSION

### 1. Jurisdiction and standard of review.

Title 4 G.C.A. § 4406, Adverse Action Procedures and Appeals, provides that the CSC or appropriate entity may sustain, modify or revoke an adverse action taken against a classified government employee. 4 G.C.A § 4406. The decision of the CSC or appropriate entity shall be final, but subject to judicial review. Id. Judicial review in this matter is governed by 5 G.C.A. § 9240, which provides:

> Judicial review may be had of any agency decision by any party affected adversely by it. If the agency decision is not in accordance with the law or not supported by substantial evidence, the court shall order the agency to take action according to the law or the evidence.

Thus, on judicial review, courts must "properly determine[] that the CSC's decision was in accordance with the law and supported by substantial evidence." Guam Waterworks Auth. v. Civil Serv. Comm'n (Mesngon), 2014 Guam 35 ¶ 5. The Court must "review all conclusions of law de novo, and will hold unlawful and set aside any agency action, findings and conclusions found to be irrational, or otherwise not in accordance with law or unsupported by substantial evidence in a case." Id. (citation omitted).

In this case, the CSC's finding that the charges brought against Palacios by the DRT were barred by the 60 day rule contained in 4 GCA § 4406 is a mixed question of law and fact. It is a mixed question of law and fact because the question of the 60 day rule violation turns on what the DRT knew or should have known regarding the alleged violations committed by Palacios. Thus,

the Court will review the CSC decision for clear error. "A finding is clearly erroneous when, even though some evidence supports it, the entire record produces a definite and firm conviction that the court below committed a mistake." Yang v. Hong, 1998 Guam 9 ¶ 7.

**2. The CSC properly determined that the DRT failed to comply with the sixty-day rule.**

Title 4 Section 4406(a) sets forth the sixty-day rule regarding adverse action and reads as follows:

> In no event may an employee in the classified service be given notice and statement of the charges required by this Section after the sixtieth (60th) day after management knew or should have known the facts or events which form the alleged basis for such action. Any action brought by management in violation of this Section is barred and any decision based upon such action is void.

Palacios was accused of breaking a DRT rule requiring that, when processing a driver's license application for an applicant already holding an out-of-state driver's license, the processing employee must secure and attach an applicant's out-of-state license to the application for a Guam license. At the CSC hearing, Maria Flores, Administrator of the Motor Vehicle Branch, and Jesse Salas, Driver's License Supervisor, both testified that DRT Management received a phone call on September 8, 2015 regarding improprieties of the processing and issuance of a driver's license to Justin Cruz. DRT Opening Brief at 2-3 (Mar. 26, 2018). Both witnesses testified that DRT Management immediately opened an investigation into the allegedly improper transaction and spoke with Palacios regarding the transaction on October 9, 2015. Id. at 3. The DRT then issued a Notice of Proposed Adverse Action to Palacios on October 12, 2015. The DRT therefore took adverse action against Palacios within sixty days of DRT Management acquiring actual knowledge of the underlying facts leading to her termination. The question then becomes whether the DRT *should have known* about the alleged policy violations earlier than the sixty days prior to Palacio being notified.

The CSC Decision suggests that Management's lack of oversight mechanisms may render it impossible to determine what date the DRT "should have known" about a policy violation:

> [I]t appears that Management has virtually no mechanism in place to check on the work of those who issue drivers licenses. While Management is entitled to place

some trust in their Employees, it would seem that there should be some system in place when dealing with a matter as important as state-issued IDs. If there is no way to automate the process of oversight, something like quarterly random spot-checks would seem at least a minimal step. CSC Decision at 5.

The DRT argues that the CSC overstepped its role when it determined that Management should have had a system in place to discover violations because such determination would allow the CSC to potentially rule that every adverse action fails under the sixty-day rule. DRT Opening Brief at 8. The Court disagrees.

The DRT's current practice of permitting employees to process driver's licenses with apparently no oversight allows the DRT to effectively circumvent the sixty-day rule. DRT Management currently has no way of obtaining actual knowledge of an employee transgression unless Management either receives an outside complaint or decides to conduct an irregular and arbitrary review of an employee's work. This practice allows for unexpected discipline pursuant to dated transgressions and therefore frustrates the purpose of the sixty-day rule. The wording of the sixty-day rule requires that the CSC exercise discretion in determining when the DRT should have learned of a violation.

The DRT has provided two reasons for its termination of Palacios. As explained below, the DRT cannot demonstrate by clear and convincing evidence that it took action against Palacios within sixty days of when it should have learned of either alleged reason for the adverse action.

a. Termination based upon Palacios's admission that she had occasionally allowed applicants to retain their out-of-state licenses.

The first reason provided by the DRT for the termination is that Palacios had, on occasion, allowed applicants to keep their out-of-state licenses. Palacios admitted that she had committed this violation, but she did not state when these violations occurred. The DRT has provided no evidence to demonstrate when any of these violations may have occurred.

In a case such as this one where it is unknown when alleged violations occurred, the DRT cannot demonstrate by clear and convincing evidence that it took an adverse action within sixty days of when it should have known of such violations. The Court must make a determination of whether the time which elapsed between the violation and DRT Management learning of the violation was a reasonable amount of time. When the violations may have occurred at any time

during Palacios's eight year tenure with the DRT, the Court cannot determine a date when the DRT should have known of these alleged violations.

> b. Termination based upon Palacios allegedly allowing Justin Cruz to keep his out-of-state license.

Secondly, the DRT states that Palacios was terminated because of a specific incident where she issued a license to Justin Cruz and allowed him to keep his out-of-state license. This violation allegedly occurred on July 14, 2015. However, the CSC determined that this date is likely incorrect, as the DRT's Exhibit M-2, which purportedly shows driver's license transactions processed by Palacios, did not show a Michigan license transaction occurring on that date. Additionally, Exhibit M-2 showed at least one transaction occurring after the date Palacios was terminated, demonstrating that Palacios was not the only employee using her user-ID. This creates doubt as to whether any transaction attributed to Palacios's user-ID was actually conducted by her. Not only did the DRT fail to demonstrate by clear and convincing evidence that the issuance of a license to Justin Cruz occurred on July 14, 2015, but it also failed to demonstrate that Palacios was even culpable in this instance.

### 3. The CSC did not err in excluding the testimony of Officer Aguon.

The DRT states that Officer Aguon was to testify about his interview of Palacios and how Palacios admitted to failing to secure and attach out-of-state licenses to other applications. DRT Opening Brief at 3 (Mar. 26, 2018). The CSC determined that Officer Aguon "had no relevant testimony as he had no contact with Employee until after the Notice of Proposed Adverse Action had been issued and his first contact with the Employee was on the day the Final Notice of Adverse Action was issued." CSC Decision at 4. The Commission's refusal to allow Officer Aguon to testify is a question of law and therefore the Court will apply a de novo review. Guam Waterworks Auth, 2014 Guam 35 ¶ 5.

Under Rule 11.2.2 of the Civil Service Commission Rules of Procedure for Adverse Action Appeals, "the only grounds for excluding any preferred evidence are that the evidence is irrelevant or unduly repetitious or filed untimely." The CSC is obligated to adhere to the rules of evidence that it has promulgated. See Wade v. Taitano 2002 Guam 16 ¶ 7.

Officer Aguon questioned Palacios about the allegedly improper transactions and the Final Notice of Adverse Action. The DRT argues that Officer Aguon's testimony would have corroborated Management's statements that Palacios admitted to processing the transactions in question. DRT Opening Brief at 6.

Despite the fact that Officer Aguon's interview of Palacios occurred after the Notice of Proposed Adverse Action was issued, Palacios's statements during that interview were relevant in that they would allegedly have corroborated other evidence presented by the DRT. However, while Officer Aguon's testimony would have been relevant, it could still be excluded under CSC's Rules of Procedure if the testimony would be "unduly repetitious." The DRT argues that Officer Aguon's testimony would have corroborated DRT Management's statements that Palacios admitted that she had at times failed to secure and attach out-of-state licenses to certain applications. This evidence had already been admitted during the testimony of Maria Flores and Jesse Salas, and was considered by the CSC in Decision and Judgment. Decision and Judgment at 2-3. The fact that Palacios made these statements was not disputed by Palacios during the CSC hearing, and corroboration would not have made the existence of such fact more or less probable. The CSC therefore did not err in excluding Officer Aguon's testimony.

## CONCLUSION

Based on the forgoing, the Court finds that the CSC's decision to void the DRT's adverse action against Palacios was in accordance with the law.

SO ORDERED _2/28/19_

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of:

_Atty Gen- Civil Litigation_
_Atty Daniel Armaleck._
Date: _2/28/19_ Time: _9:40_
**Linda M. Perez**
Deputy Clerk, Superior Court of Guam

The Honorable Anita A. Sukola
Judge, Superior Court of Guam

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of:
_- Civil Service Comm._
Date: _2/28/19_ Time: _9:40_
**Linda M. Perez**
Deputy Clerk, Superior Court of Guam

SP0086-17, *DRT v. CSC*